# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**EMILY HILL,**

        **Plaintiff,**

    v.                                      **Civil Action 2:19-cv-3627**
                                                **Judge Michael H. Watson**

**COMMISSIONER OF SOCIAL**              **Magistrate Judge Chelsey M. Vascura**
**SECURITY,**

        **Defendant.**

## **REPORT AND RECOMMENDATION**

    Plaintiff, Emily Hill ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for restitution of benefits due to misuse of funds for survivor beneficiary (ECF No. 3). This matter is before the Court on the Commissioner's Motion to Dismiss Plaintiff's Untimely Complaint, or Alternatively, Motion for Summary Judgment (ECF No. 8) and Plaintiff's Response to Defendant's Declaration (ECF No. 9). The Commissioner has not filed a reply, and the time to do so has now expired. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** as time-barred.

## I.    BACKGROUND

    On January 30, 2019, an Administrative Law Judge ("ALJ") issued a decision denying the Plaintiff's claim for Restitution of Benefits Due to Misuse of Funds for Survivor Beneficiary and mailed a copy thereof to the Plaintiff and her representative. (Voegele Dec. ¶ 3(a), ECF No. 8-1; ALJ Decision, ECF No. 8-1, PAGEID #52.) Plaintiff requested review of the decision, and

on June 12, 2019, the Appeals Council denied that request. (Voegele Dec. ¶ 3(a), ECF No. 8-1; Notice of Appeals Council Action, ECF No. 8-1, PAGEID #62.) The Notice of the Appeals Council's action informed both Plaintiff and her lawyer that they had sixty days from the date of receipt to commence an action in federal court. (*Id.*) The Appeals Council's denial was sent by mail addressed to both the Plaintiff, at her home address, with a copy to the representative, at his legal office. (*Id.*) The Appeals Council's denial of review rendered the ALJ's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981. The Commissioner does not have any records of Plaintiff asking for extension to file a civil action nor does she allege in her Complaint that she requested such an extension. (Voegele Dec. ¶ 3(a), ECF No. 8-1; Compl., ECF No. 3.) Plaintiff did not file her Complaint for judicial review of the ALJ's decision until August 20, 2019, which was four days after the deadline. (ECF No. 3). Her Complaint did not allege that it was timely, nor did she allege she had good cause for filing her complaint after the deadline. (*Id.*)

The Commissioner filed the present motion on October 25, 2019. (ECF No. 8.) Although Plaintiff's memorandum in opposition was due on November 15, 2019, Plaintiff's counsel waited until November 26, 2019, to file a "Response to Defendant's Declaration." (ECF No. 9.) In this response, Plaintiff's counsel admitted that "a complaint should have been filed in court by August 16, 2019 at the latest." (Resp. 1, RCF No. 9). He further stated that, "[i]nstead, plaintiff's complaint was filed on August 20, 2019, based on the claimant's attorney's notation on his deadlines calendar that this date was the last date to file within time." (*Id.* 1–2.) Plaintiff's counsel explains that he simply miscounted the applicable 60-day period and noted the incorrect deadline in his records. (*Id.* 2.)

## II. STANDARD OF REVIEW

### A. Standard of review for dismissal under Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible clam for relief." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

### B. The Court need not convert the Commissioner's motion to dismiss to a motion for summary judgment.

As an initial matter, the Undersigned finds that all documents submitted as exhibits by the Commissioner in support of summary judgment were referenced in Plaintiff's Complaint. (ECF No. 3, ¶ 2.) Accordingly, there is no need to convert the Commissioner's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rules 12(d) and 56. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment"). Therefore, the Undersigned considers the Commissioner's motion for summary judgment under the same standard as the motion to dismiss.

## III. ANALYSIS

The undisputed facts establish that Plaintiff's Complaint was untimely. Section 405(g) of the Social Security Act provides that "any individual . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The implementing regulations consistently provide, "[a]ny civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). A claimant is presumed to have received the notice of the Appeals Council's denial of request for review five days after the date of the notice, unless the claimant can make a reasonable showing otherwise. *Id.* Applying these rules here, Plaintiff is presumed to have received the June 12, 2019 letter by June 17, 2019. Thus, Plaintiff had to file her Complaint on or before August 16, 2019, in order to comply with the limitations period of § 405(g). Plaintiff did not file until August 20, 2019.

Plaintiff's counsel, although he admits the Complaint was untimely, appears to argue that equitable tolling should save Plaintiff's Complaint. "Section 405(g) of the Social Security Act authorizes the Commissioner to toll the 60-day limitations period under appropriate circumstances." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). In *Cook*, the United States Court of Appeals for the Sixth Circuit set forth the following factors for courts to consider when determining whether equitable tolling is appropriate in a social security case:

> (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing his rights; (4) lack of prejudice to the defendant; and (5) whether the plaintiff's ignorance was reasonable.

*Id.* at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). These five factors are not exclusive, and the decision of whether a plaintiff is entitled to equitable tolling "should be made on a case-by-case-basis." *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007) (citing *Armini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001)).

In *Cook*, the Sixth Circuit dismissed the plaintiff's complaint as time-barred, even though it was filed a mere one day outside the 60-day filing deadline. 480 F.3d at 437. Applying the five equitable tolling factors, the Sixth Circuit noted that the plaintiff could not argue that he lacked notice of the filing requirements "because the Appeals Council's notice specifically informed him of the 60–day filing requirement." *Id*. Further, the plaintiff failed to avail himself of a request for extension of time to file the complaint under 20 C.F.R. § 404.909(b), despite being informed of this right in the Appeal Council's notice. *Id.* Nor did the plaintiff "offer any excuse for why he could not have filed well within the 60-day filing period." *Id.* Finally, "[a]lthough allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.* The Sixth Circuit therefore concluded that "Cook's equitable-tolling claim is without merit in light of the five factors set out in *Dunlap*." *Id.*

Plaintiff's failure to timely file her Complaint in this case is indistinguishable from the plaintiff's failure in *Cook*. Plaintiff's counsel acknowledged that he received the Appeal Council's notice, which informed him of the 60-day filing deadline. Plaintiff never requested an extension of time, even though that option was also explained in the Appeal Council's notice. Nor does Plaintiff or her counsel offer any justification for why she could not have filed well

within the 60-day filing period. And though Plaintiff's Complaint was filed only four days late, *Cook* makes clear that any delay in filing may prejudice the Commissioner.

The undersigned therefore concludes that Plaintiff's untimely Complaint cannot be saved by equitable tolling. As stated in *Cook*, "[i]n the end, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." 480 F. 3d at 437.

## IV.	DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** the Commissioner of Social Security's Motion to Dismiss (ECF No. 8) and **DISMISS** Plaintiff's Complaint.

## V.	PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE